ENTWISLE v. SEIDT et al.

(District Court, E. D. New York. August 16, 1907.)

BANKRUPTCY—SUIT BY TRUSTEE TO SET ASIDE TRANSFERS AS FRAUDULENT—SUFFICIENCY OF PROOF.

Evidence considered, and *held* insufficient to sustain the allegations of a bill filed by a trustee in bankruptcy to set aside certain conveyances made by the bankrupt as made to hinder, delay, and defraud creditors, where the only witnesses were the parties to the transactions introduced by com-

plainant, each one of whom testified that the transfers were made in good faith and for a fair consideration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 462.]

In Equity.

Engel, Engel & Oppenheimer, for complainant.

Rudolph Marks, for defendants.

CHATFIELD, District Judge. One Adolph Seidt was adjudicated a bankrupt upon an involuntary petition filed on the 2d day of September, 1902. His discharge, after opposition by creditors and a reference to a referee as special commissioner, was granted upon the 19th day of October, 1905. Upon the hearing before the special commissioner most of the questions involved in this action were considered. On or about the 19th day of March, 1904, the trustee in bankruptcy filed a bill of complaint in this court, under the provisions of the bankruptcy act of 1898, to set aside, vacate, and annul a certain instrument purporting to be a mortgage made by the bankrupt and his wife to the defendant Solomon Neuman, thereafter assigned by the said Solomon Neuman to the defendant Max Cohen. Both the assignment and the mortgage have been duly recorded in the proper county. This mortgage and assignment covered lots situated at Rockaway, in this district. The bill of complaint also asks to have set aside, abrogated, and annulled a certain deed, dated August 30, 1902, made and executed by the bankrupt and his wife to one Julius Mandel, since deceased, whose heirs at law have since been made parties defendant herein. The deed conveyed the equity of the bankrupt in the same lots at Rockaway, and the complaint asks that title and possession of the said lands, free and clear of the foregoing mortgage, and of any other conveyance, liens, etc., be given to the complainant, the trustee in bankruptcy. The complaint also asks that the complainant recover from the bankrupt certain property and moneys, consisting of wines, liquors, cigars, etc., and certain outstanding accounts due the said bankrupt, or the avails thereof, on the ground that all of this property, or the avails thereof, is now in the custody or control of the said bankrupt, and was concealed by him from his trustee for the purpose of defrauding his creditors.

The defendants Adolph Seidt and his wife, Solomon Neuman, and Max Cohen have answered separately, denying the allegations of the complaint relating to the transactions by them. The defendant Julius Mandel appeared in the action by attorney, but did not file any pleading, and was in default at the time of his death. No pleading has been filed on behalf of his representatives since the action was revived and continued as against them, and they appear to be in default. The allegations of the complaint as to the transactions with Mandel are denied by the defendants Seidt and his wife, except that they admit executing the instrument in writing, and claim that the deed was given, subject to the Neuman mortgage, in payment of an existing debt, and that Mandel agreed to reconvey if the debt to him was paid by the bankrupt. The defendants also allege affirmatively, as defenses to the complaint, that the transactions in question were for a valid

155 F.—55

consideration, without contemplation of insolvency, and not in pursuance of a fraudulent scheme.

The case has proceeded in a similar manner to that in which a suit on a bill in equity in the Circuit Court would be conducted, and by an order of this court a special examiner was appointed to take the testimony of the various parties. This testimony has been reported to the court, and the case argued and submitted.

The witnesses called on behalf of the complainant are the defendants and the persons engaged as principals in the various transactions. Their examination was conducted apparently on the theory that they were biased witnesses, to such an extent that the complainant would not be bound by the statements made, and the direct-examination is in almost all cases in reality cross-examination. But the complainant has presented no proofs showing any of the facts alleged, outside of the testimony of these witnesses produced by himself, and aside from the general situation there is nothing brought out to show bias nor fraudulent motives on the part of the parties to the transaction. The attorneys for all the parties have so violated the rules of evidence that the most of the testifying has been done by the attorneys, apparently without objection, and it is impossible, from a reading of the testimony as transcribed, to form an opinion as to whether the witnesses were telling the truth, or whether they were following the lead of the testimony put into their mouths by the questions of the attorneys. On the whole testimony it would appear that the complainant is bound by the statements of his own witnesses, and in every instance these statements show a valid consideration and an actual transfer of property. There is no extraneous or disinterested testimony to prove the contrary.

As to the mortgage in question the testimony shows plainly that the transaction occurred exactly as claimed by the bankrupt. It appears that the defendant Cohen, assignee of the mortgage, is a brother-in-law of the bankrupt, and the apparent object of the action, as far as the mortgage is concerned, is to show that Cohen purchased a valid mortgage for the benefit of the bankrupt, and, inferentially, with funds supplied by the bankrupt. But no evidence whatever is furnished as to these surmises, and no examination of the defendant Cohen as to the source of the funds with which he purchased the mortgage, and no evidence of other witnesses as to where the money used by him was obtained, is offered. The complainant's case as to this mortgage rests merely upon the contradictory statements and the rather lame explanations of motive on the part of the defendant Cohen, who, nevertheless, is shown by the testimony to have actually purchased for a valid consideration the assignment of the mortgage in question.

As to the third matter or cause of action in the complaint, relating to goods or accounts alleged to have been concealed by the bankrupt the complainant attempts to show that the bankrupt made large purchases and sold considerable goods on credit within a short period before his bankruptcy, and not only concealed some of these goods, but has disposed of them or sold them upon credit, and collected the

outstanding accounts, without turning the property or the money over to his trustee. But no evidence of any of these facts is offered. The testimony merely shows that the transactions occurred, and that the bankrupt does not explain, with any great degree of certainty or clearness, what became of the goods. He does testify that the goods were sold, and that he has none of the proceeds in his hands, and that no one is holding, or has held, these goods or accounts for him. The matters contained in this third cause of action might properly have been the subject of an order to show cause, or a proceeding brought in bankruptcy to compel the defendant to account for and turn over these goods and proceeds, and were matters that should have been considered, as they apparently were, upon opposition to his discharge. In spite of these allegations and the charges made with reference thereto, the discharge of the bankrupt was granted after a hearing, and the proofs do not in any way trace the goods or the funds, so that any decree is possible. The parties who purchased the goods, or in whose hands they are alleged to be, are not defendants in this proceeding, and, in so far as they were witnesses, denied the transactions, or testified that they were not holding any property or money for the bankrupt, and no decree can be given to the complainant with respect thereto.

As to the second cause of action, relating to the deed of the equity in the lots at Rockaway, given to Julius Mandel by the bankrupt and his wife, there appears to have been a default. This equity of redemption is involved in the foreclosure suit now pending in the Supreme Court of the state of New York, for the county of Queens, upon the mortgage which is made the basis of the first cause of action in this suit; and the trustee in bankruptcy is a party thereto, and has set up the allegations of this complaint as a defense therein. That suit was started before the commencement of this action, and while, because of the default, the complainant is entitled as a matter of law to a decree, nevertheless in equity there would seem to be no relief which this court should grant, as the complainant has his remedy at law in the foreclosure action, which was instituted prior to the beginning of this equity suit.

Upon the entire matter, therefore, it is considered that no case has been made out, and that the bill of complaint must be dismissed.