### In re SAN MIGUEL GOLD MIN. CO.

(District Court, W. D. Pennsylvania. March, 1912.)

1. BANKRUPTCY (§ 467*)—INVOLUNTARY PETITION—FINDINGS OF SPECIAL MASTER.

A finding of the special master that persons presenting an involuntary petition in bankruptcy were not creditors of the alleged bankrupt, made on conflicting testimony of witnesses appearing before him, and supported by the testimony of a witness called by the petitioners, will not be disturbed on exceptions, though the petitioners assail the credibility of such witness.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 467.*]

2. WITNESSES (§ 321*)—IMPEACHMENT—RIGHT OF PARTY TO IMPEACH OWN WITNESS.

A party who calls a witness asserts his credibility, and he ought not to be heard to impeach his testimony, or to insist that he is unworthy of belief.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1094, 1099, 1100; Dec. Dig. § 321.*]

In the matter of the San Miguel Gold Mining Company, bankrupt. Heard on exceptions to a report of the special master. Exceptions overruled, and report confirmed.

Albert York Smith, S. S. Robertson, L. K. Porter, M. H. Stevenson, and Scott & Purdy, for bankrupt.

Carl D. Smith and Geo. C. Bradshaw, for exceptants.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ORR, District Judge. This matter comes before the court upon exceptions to the report of the special master, to whom was referred the questions whether this court had jurisdiction of the bankrupt, and whether the three persons who presented the involuntary petition were creditors of the bankrupt and entitled to institute the proceedings in bankruptcy. The special master decided the first question in the affirmative and the second in the negative. The exceptions relate solely to the decision on the second question, and, while numerous, their number does not increase their importance.

[1] The court has carefully gone over all the evidence, of which the greater part appears to be immaterial and irrelevant, and has reached the conclusion that the special master was right. It is true that there was a marked conflict in the testimony of the witnesses; but the special master had the witnesses before him, and could determine best their credibility, because he had, in addition to their statements, their presence and their manner of testifying. He appears to have relied to a considerable extent upon the testimony of one witness, whose credibility was bitterly attacked in the oral argument in this court and in the brief filed in support of the exceptions. Elaborate references were made to testimony intended to impeach the credibility of the witness.

[2] When, however, it is considered that the witness was himself called by those who now bitterly assail him, and that by calling him they asserted his credibility, they ought not to be heard now to impeach his testimony, or to insist that the special master was wrong in believing him, when the exceptants had asserted that he was worthy of belief by putting him upon the stand in support of the issues devolving upon them. The practice of attempting to impeach the testimony of one's own witness is not a common one; but it nevertheless is the subject of condemnation. In Entwisle v. Seidt et al. (D. C., N. Y.) 155 Fed. 864, 19 Am. Bankr. Rep. 185, Judge Chatfield gives the matter some consideration. The matter is also considered in Jacobs v. Van Sickle (C. C. A., 3d Cir.) 127 Fed. 62, 61 C. C. A. 598, 11 Am. Bankr. Rep. 470, by Judge Gray, of this circuit. The case most directly in point, however, seems to be Dravo v. Fabel, 132 U. S. 487, 10 Sup. Ct. 170, 33 L. Ed. 421.

But, apart from this reliance upon the testimony of the witness who has been assailed, the evidence of the petitioners is so extremely uncertain and indefinite as to the nature of their claims that the referee rightly held that they were not creditors of the bankrupt. As to the claim of the other petitioner, J. H. Strode, the evidence shows that his claim as set forth in the petition in bankruptcy was paid long before the filing of the petition.

The exceptions filed to the report of the special master must be overruled, and the report confirmed; and it therefore follows that the petition in bankruptcy must be dismissed, at the costs of the petitioners.